**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

| | |
|---|---|
| JONATHAN C. CRAVENS and THRESSA CRAVENS,<br><br>           Plaintiffs<br>V.<br><br>NEW CENTURY MORTGAGE COMPANY; ET AL.<br><br>           Defendants | *<br>*<br>*<br>*<br>*<br>*   NO:  4:11CV00289 SWW<br>*<br>*<br>* |

## ORDER

Before the Court is Defendants' notice of related case (docket entry #6). The Court agrees that prior case number 4:10CV01511 SWW is related to this case and that direct assignment is warranted. Accordingly, the notice of related case (docket entry #6) is GRANTED.

Also before the Court is Defendants' motion to dismiss (docket entry #7), stating that Defendants renew a motion to dismiss previously filed in case number 4:10CV01511, which is a closed case. **Defendants' motion to dismiss and Plaintiffs' response must be filed separately in this case.** [1] Accordingly, Defendants' renewed motion to dismiss (docket entry #7) is denied

---

[1] Defendants note that Rule 81(c)(2) of the Federal Rules of Civil Procedure provides that after removal, "repleading" is unnecessary. Rule 81(c) contemplates that a defendant may answer a complaint before removing a case to federal court, and it eliminates the need to refile, in federal court, a responsive pleading filed in state court. A "pleading," as defined by the Federal Rules of Civil Procedure which apply to civil actions after removal, includes a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, a third-party

without prejudice.

   IT IS SO ORDERED THIS 21ST  DAY OF APRIL, 2011.

                 /s/Susan Webber Wright
                 UNITED STATES DISTRICT JUDGE

---

complaint, a third-party answer, and pursuant to a court order, a reply to an answer or a third party answer.  *See* Fed. R. Civ. P. 7(a).  A motion to dismiss, particularly a motion to dismiss filed in federal court *after* removal, does not qualify as a pleading for purposes of Rule 81(c).