IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

| | | |
|---|---|---|
| JONATHAN C. CRAVENS and <br> THRESSA CRAVENS, <br> <br> Plaintiffs <br> V. <br> <br> NEW CENTURY MORTGAGE <br> COMPANY; ET AL. <br> <br> Defendants | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | <br> <br> <br> <br> <br> NO:  4:11CV00289 SWW |

## ORDER

Plaintiffs Jonathan C. Cravens and Thressa Cravens commenced this action in state court seeking to enjoin a statutory foreclosure sale, which was subsequently cancelled. Before the Court is a motion to dismiss (docket entries #9, #10) by Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), Deutsche Bank National Trust Company ("Deutsche Bank"), HomEq Servicing, Inc. , and Ocwen Loan Servicing, LLC. Plaintiffs have filed a response (docket entry # 17), Defendants have replied (docket entry #21), and the matter is ready for a decision. After careful consideration, and for reasons that follow, the motion to dismiss will be granted and this action will be dismissed with prejudice.

**I.**

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all facts alleged in the complaint are assumed to be true. *Doe v. Northwest Bank Minn., N.A.*, 107 F.3d 1297, 1303-04 (8th Cir. 1997). The complaint should be reviewed in the light most favorable to the plaintiff, *McMorrow v. Little*, 109 F.3d 432, 434 (8th Cir. 1997), and should not be dismissed if there are

pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). A complaint cannot, however, simply leave open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery. *Id.* at 1968. Rather, the facts set forth in the complaint must be sufficient to nudge the claims "across the line from the conceivable to plausible." *Id.* at 1974.

**II.**

The following facts are taken from the complaint and documents attached to that pleading. On September 27, 2006, Plaintiffs executed a promissory note ("the Note") and mortgage ("the Mortgage"). The Note provides that in return for a loan received from New Century Mortgage Corporation ("New Century"),[1] Plaintiffs will pay the principal sum of $71.250. The Mortgage names MERS as mortgagee, solely as the nominee for New Century, and grants MERS, as nominee for New Century and New Century's successors and assigns, the power to sell the mortgaged property. Under the heading "Transfer of Rights in the Property," the Mortgage states in part as follows:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and cancelling this Security Instrument.

Amend. Compl. (docket entry #11), Ex. #2 at 3.

An assignment of mortgage executed November 18, 2009, provides that MERS assigned all beneficial interest in the Mortgage together with the Note to Deutsche Bank, and a limited

---

[1] Plaintiffs named New Century Mortgage Corporation as a defendant, but New Century has not made an appearance in this case.

power of attorney executed November 9, 2009, provides that Deutsche Bank appointed Mickel Law Firm, P.A. ("Mickel")[2] as its attorney-in-fact and agent for the purpose of foreclosing the Mortgage. Subsequently, Mickel prepared and filed for recording a notice of default and intention to sell, dated July 19, 2010, giving notice that Plaintiffs' mortgaged property would be sold in a non-judicial sale on September 20, 2010.

On September 13, 2010, Plaintiffs filed this action in state court, and the September 20, 2010 non-judicial foreclosure sale was cancelled.

### III.

Plaintiffs seek to invalidate the assignment of the Mortgage from MERS to Deutche Bank and preclude a future foreclosure sale based on the key allegation that MERS lacked authority to transfer the Mortgage and Note to Deutsche Bank. Defendants note that in *Peace v. Mortgage Electronic Registration System, Inc*, No. 4:09CV00966 SWW, 2010 WL 2384263 (E.D. Ark. Jun. 11, 2010) and *Coley v. Accredited Home Lenders, Inc.*, No. 4:10CV01870 JLH, 2011 WL 1193072 (E.D. Ark March 29, 2011), cases involving facts nearly identical to those alleged here, the Court found that MERS as an agent of the lender effectively transferred both the note and the mortgage at issue to an assignee. Contrary to Plaintiffs' conclusory allegations, the exhibits attached to the complaint indicate that MERS, as agent for New Century, effectively transferred the Note and Mortgage to Deutsche Bank.

Plaintiffs make additional charges challenging Mickle's status as an attorney of fact and the notice of default and intention to sell filed July 19, 2010. But these allegations are moot

---

[2]After removal, Plaintiffs voluntarily dismissed claims against Mickel. Plaintiffs also names HomEq Servicing, Inc. and its successor, Ocwen Financial Corporation as defendants, alleging that HomEq Servcing, Inc employees "fraudulently created and/or executed" the document assigning their mortgage to Deutsche.

because the related non-judicial foreclosure sale was cancelled. In sum, the Court finds that Plaintiffs have failed to state a claim upon which relief can be granted.

IT IS THEREFORE ORDERED that Defendants' motion to dismiss (docket entry #9 ) is GRANTED. Pursuant to the judgment entered together with this order, this action is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED THIS 26TH DAY OF OCTOBER, 2011.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE